CHRISTOPHER J. CARCICH, ESQ. (CC2062)
DEUTSCH ATKINS, P.C.
25 Main Street, Suite 104
Court Plaza North
Hackensack, New Jersey 07601
Attorneys for Plaintiff
  James T. Giese

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES T. GIESE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL AND LIFE<br>INSURANCE COMPANY,<br><br>　　　　　　Defendants. | Civil Action<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, James T. Giese (hereinafter "Plaintiff" or "Giese") by way of Complaint against Defendant, American Medical and Life Insurance Company (hereinafter "AMLI") states the following:

**PARTIES**

1. During all times relevant to this action, Giese is an individual residing at 46 Denham Road, Township of Springfield, County of Union, State of New Jersey.

2. During all times relevant to this action, Defendant, AMLI, is a New York corporation with a principal place of business located at 14 Wall Street, City of New York, County of New York, State of New York.

## JURISDICTION

3.  The Federal District Court, Southern District of New York has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as Plaintiff and Defendant have residences in different states and because Plaintiff seeks damages in excess of $75,000.00.

## VENUE

4.  Venue lies in the Federal District Court, Southern District of New York pursuant to 28 U.S.C. §1391 as Defendant is a resident within the Southern District of New York.

5.  Venue also lies in the Federal District Court, Southern District of New York pursuant to paragraph seven (7) of the Employment Agreement between Giese and AMLI entered into on January 1, 2013 entitled "Governing Law" which reads "Any action, suit or other proceeding initiated by any party under or in connection with this Agreement must be brought in any Federal or State court in the State of New York."

## FACTS COMMON TO ALL COUNTS

6.  Giese and AMLI entered into an employment agreement on January 1, 2013 (hereinafter referred to as the "Agreement") wherein AMLI employed Giese as Executive Vice President and Chief Operating Officer.

7.  The Agreement in paragraph 3 entitled "Severance" required AMLI to pay Giese as follows:

> In the event that the Company terminates Employee for any reason other than for Cause, as defined herein, the **Company shall provide Employee with severance pay equal to one year's base salary, payable over a period of one year** following Employee's separation from service in installments consistent with the Company's normal payroll schedule. In addition, to the extent permitted pursuant to the terms of the Company's] employee benefit plans, and not a violation of any applicable law, all Employee's benefits in effect immediately prior to Employee's termination from service shall be continued for one-year following Employee's

separation from service on the same terms and conditions as in effect prior to such separation from service…

(emphasis added).

8. The Agreement defines "Cause" in paragraph 8 as follows:

"Cause" shall mean and include (a) chronic alcoholism, (b) chronic drug addiction, (c) any misappropriation by Employee of any monies or other assets or property of the Company, (d) any willful and material violation of any provision, term, covenant or condition of this Agreement or of his job responsibilities which remain uncorrected or reoccurs after fifteen (15) business days following Employee's receipt of written notice from the Company specifying the exact nature of the violation, (e) Employees conviction of, or plea of guilty or nolo contendere to, a felony or any other criminal offense involving dishonesty or moral turpitude, and (f) any other act or omission that constitutes grounds for cause under the laws of the State of New York.

9. On February 3, 2014 Giese had a call with Andrew Alberti (hereinafter "Alberti") Chairman of the Board of Directors for AMLI.

10. During this call Alberti informed Giese that his employment with AMLI was terminated immediately for "Cause." In response to a request for a more specific reason, Mr. Alberti told Mr. Giese that he had approved a contract for a new website, but had not circulated the contract to in house counsel for approval and had approved payment of the vendor's invoice, which Mr. Alberti mischaracterized as "misappropriation."

11. Not only had Mr. Giese acted in accordance with his position responsibilities in regard to the website contract and payment of the amount due, but, in any event, what he had done could not possibly constitute "Cause," as defined in the Agreement. Thus his termination was without "Cause," and Mr. Giese is entitled to one year's severance pay, *i.e.* $236,040.00 ($225,000.00 salary, $9,000.00 401(k) match; $2,040.00 dental plan).

12. Mr. Giese is also entitled to an earned bonus of $45,000 for the calendar year 2013.

## COUNT ONE
## Breach of Contract
## (Agreement Paragraph 3 – "Severance")

13. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

14. Giese and AMLI entered into the Agreement dated January 1, 2013.

15. Giese at all times complied with the requirements of the Agreement.

16. AMLI breached the Agreement by terminating Giese's employment without compensating Giese pursuant to paragraph three (3) of the Agreement.

17. Paragraph three (3) requires AMLI pay to Giese the annual base salary of $225,000.00, 401k company match of $9,000.00, and $2,040.00 for the value of the dental plan.

**WHEREFORE**, Plaintiff, James T. Giese demands judgment be entered against Defendant, American Medical and Life Insurance Company, awarding compensatory damages including pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper

## COUNT TWO
## Breach of Contract
## (Earned Compensation)

18. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

19. Giese and AMLI entered into the Agreement dated January 1, 2013.

20. Giese at all times complied with the requirements of the Agreement.

21. Giese met his personal goals criteria earning his personal goals bonus for 2013 in the amount of $45,000.00.

22. AMLI denied payment to Giese concerning his 2013 personal goals bonus in the amount of $45,000.00.

**WHEREFORE**, Plaintiff, James T. Giese demands judgment be entered against Defendant, American Medical and Life Insurance Company, awarding compensatory damages including pre-judgment and post-judgment interest, and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury.

> DEUTSCH ATKINS, P.C.
> 25 Main Street, Suite 104
> Court Plaza North
> Hackensack, New Jersey 07601
> Attorneys for Plaintiff,
> James T. Giese
>
> By: _____
> CHRISTOPHER J. CARCICH, ESQ.
> CC 2062

Dated: April 15, 2014