UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES T. GEISE, | : | Civil Action 1:14-cv-02816-SHS |
| Plaintiff, | : | |
| v. | : | ANSWER |
| AMERICAN MEDICAL AND LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | |

Defendant American Medical and Life Insurance Company ("Defendant"), by and through its undersigned attorneys, hereby files this Answer to the Complaint and Jury Demand filed by James T. Giese ("Plaintiff") as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2. Defendant admits the allegations in paragraph 2.

## JURISDICTION

3. Defendant admits that its principal place of business is in New York State but is without knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's residence and therefore denies that allegation. Defendant acknowledges that Plaintiff purports to seek damages in excess of $75,000 but denies causing any damages to Plaintiff. Defendant denies the remaining allegations in paragraph 3.

## VENUE

4. Defendant admits the allegations in paragraph 4.

5. Defendant states that the Employment Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 5.

## FACTS COMMON TO ALL COUNTS

6. Defendant admits that Plaintiff and Defendant entered into an employment agreement on January 1, 2013. Defendant states that the Employment Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant states that the Employment Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant states that the Employment Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits that Alberti informed Giese that his employment was terminated for "cause." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies those allegations.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

## COUNT ONE

13. Defendant incorporates its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant states that the Employment Agreement speaks for itself.  Defendant denies the remaining allegations in paragraph 17.

With regard to the paragraph beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to any of the requests for relief set forth therein.

## COUNT TWO

18. Defendant incorporates its responses to the foregoing paragraphs of the Complaint as though fully set forth herein.

19. Defendant admits the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

With regard to the paragraph beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to any of the requests for relief set forth therein.

By:  */s/ Steven Gerber*
Steven Gerber
GONZALEZ SAGGIO & HARLAN LLP
292 Madison Avenue, Floor 19
New York, NY   10017
Telephone:  (212) 380-9560
Facsimile:   (212) 380-9561
*Attorneys for Defendant,*
*American Medical and Life Insurance Company*

Dated:  June 19, 2014

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by the doctrine of unclean hands, laches, waiver, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to mitigate his damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by the Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred in whole or in part by a failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

7. To the extent Plaintiff alleges the respective Members and Directors of Defendant adopted the Employment Agreement, Plaintiff's claims are barred by the doctrine of *ultra vires*.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant denies the Employment Agreement was ever adopted or implemented by Defendant.

### NINTH AFFIRMATIVE DEFENSE

9. To the extent Plaintiff proves Employment Agreement was ever adopted or implemented by Defendant, Plaintiff's claims are barred by the doctrine of self-dealing.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff was paid all compensation due him.

### EVENTH AFFIRMATIVE DEFENSE

11.     Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the answer.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant reserves the right to assert any other affirmative defense(s) that may become evident through investigation or discovery.

WHEREFORE, Defendant prays for judgment as follows:

(a)     That Plaintiff take nothing by virtue of his Complaint;

(b)     That Defendant be awarded its attorneys' fees and costs;

(c)     For such other and further relief as to the Court may deem just and proper.

By:     */s/ Steven Gerber*
Steven Gerber
GONZALEZ SAGGIO & HARLAN LLP
292 Madison Avenue, Floor 19
New York, NY   10017
Telephone:  (212) 380-9560
Facsimile:   (212) 380-9561
*Attorneys for Defendant,*
*American Medical and Life Insurance Company*

Dated:  June 19, 2014

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of June, 2014, I caused the foregoing Answer to be served via this Court's ECF Electronic Notification System upon:

> Christopher J. Carcich, Esq.
> Deutsch Atkins, P.C.
> 25 Main Street, Ste.104
> Hackensack, New Jersey  07601
> *Attorneys for Plaintiff*

  Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

               */s/ Steven Gerber*
               STEVEN GERBER